IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN BURMASTER, | ) | |
| *CEO, Burmaster International Group,* | ) | Civil Action No. 18 – 134E |
| | ) | |
| Plaintiff, | ) | District Judge Mark R. Hornak |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| SWITZERLAND, | ) | ECF No. 1 |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

#### I.   RECOMMENDATION

Plaintiff, a United States citizen, filed this suit against the foreign state of Switzerland, complaining of his arrest there, and his extradition to the United States. For the reason stated herein, it is respectfully recommended that this civil action be transferred to the United States District Court for the District of Columbia.

#### II.   REPORT

##### a.   Background and Allegations

Plaintiff was indicted by a federal grand jury in the Eastern District of Louisiana for making threats via email to injure two attorneys representing a class action suit against the British Petroleum Company. (ECF No. 1-3, pp. 6-7.) On September 3, 2015, Plaintiff was detained in Switzerland pursuant to an Interpol notice. Id. Plaintiff alleges that while in Swiss custody, he was forcibly medicated, and his computer was confiscated. (ECF No. 1, p. 2.) The United States requested Plaintiff's extradition on October 9, 2015. (ECF No. 1-3, p. 8.) A competency hearing for the Plaintiff was held in the Eastern District of Louisiana on October 12,

2016. (ECF No. 1-5.) Plaintiff was found incompetent to stand trial. (ECF No. 1, p. 3.) Plaintiff denies the validity of any professional psychiatric opinions about his mental health and claims that his condition is a result of heavy metal poisoning. (ECF No. 1, p. 3.)[1]

Plaintiff requests, inter alia, that Switzerland pay him $440 million for arresting and extraditing him.[2] (ECF No. 1, p. 3.)

### b. Discussion

Pursuant to 28 USC § 1391(f)(4), a civil action against a foreign state may be brought in the United States District Court for the District of Columbia. Relatedly, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 USC § 1406(a). Plaintiff's Complaint against Switzerland and the attached exhibits reveal no contacts with the Western District of Pennsylvania or the Commonwealth of Pennsylvania,[3] and venue here is necessarily improper. See 28 U.S.C. § 1391(b)(1)-(3).[4]

---

[1] In the caption of the case, Plaintiff lists the following: "Foreign Sovereign Immunity Act (28 §§ 1330-1332); Chemical Weapon Attack on US National (18 §§ 229 C3); Act of Terrorism transcending borders (18 §§ 2332b); Fraud and False Statements (18 U.S.C. §§ 1001-1026); Civil Rights Violation (42 §§ 1983); Racketeer-Induced Corrupt Organization (18 §§ 1964c)."

[2] As an exhibit to his Complaint, Plaintiff attaches a "Citibank Deposit Slip . . . where US$440 million should be delivered[.]" (Appendix I, ECF No. 1-9 at 1-2.)

[3] Plaintiff's only mention of Pennsylvania is the post office box in Erie, Pennsylvania designated as his address of record, his request that "this US Federal Courthouse in Erie, Pennsylvania" afford him the relief he seeks (ECF No. 1, p. 3.), and his indication on his case designation sheet, that his "business resides in Erie County." (ECF No. 1-13 at 2.) *See also* Civil Cover Sheet ECF No. 1-13 at 1 (indicating that his business is incorporated or principal place of business is located in Pennsylvania).

[4] 28 U.S.C. § 1391(b)(1)-(3) provides as follows:
        (b) **Venue in general**.--A civil action may be brought in –
        (1) a judicial district in which any defendant resides, if all
        defendants are residents of the State in which the district is located;

Instead, this is a civil action against a foreign state, and therefore, should proceed in the United States District Court for the District of Columbia. 28 U.S.C. § 1391(f)(4). Consequently, this Court must transfer this civil action pursuant to 28 U.S.C. § 1406(a).

### III. **CONCLUSION**

For the foregoing reason, it is respectfully recommended that this civil action be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1391(f)(4) and 1406(a).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this Report and Recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: June 28, 2018                                           BY THE COURT

 

 

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

---

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which any action may otherwise be brought, as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

cc: Brian Burmaster
  PO Box 1812
  Erie, PA 16512